UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,        )
                                 )
    Plaintiff,                   )
                                 )
v.                               )
                                 )   CV414-216
ONE 2014 MERCEDES BENZ SG3 AMG,  )
VIN WDDUG7JBOEAO42570,           )
                                 )
    Defendant.                   )
_____)

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
MAY 21 2015
CLERK_____
SO. DIST. OF GA

## CONSENT ORDER OF FORFEITURE AND FINAL JUDGMENT

On May 8, 2014, the United States Secret Service seized the Defendant Vehicle, a 2014 Mercedes Benz, SG3 AMG, Vehicle Identification Number (VIN) WDDUG7JBOEAO42570, at the Port of Savannah. On September 29, 2014, the United States initiated these judicial proceedings by filing a Complaint for Forfeiture *In Rem* against the Defendant Vehicle pursuant to 18 U.S.C. §981(a)(1)(A). (Doc. 1). Claimant Sherif Shagaya was sent copies of the Complaint and Notice of Forfeiture via Certified Mail Return Receipt Requested, on or about October 3, 2014. (Doc. 5). Robert R. Rini, Ibrahim Shehu and Richard Pham were also sent copies of the Complaint and Notice of Forfeiture via Certified Mail Return Receipt Requested, on or about October 3, 2014. (Docs. 6 – 8). The Defendant Vehicle on arrested on September 29, 2014. (Doc. 3).

In addition to providing Claimant with personal notice that a Complaint for Forfeiture had been filed and that the Defendant Vehicle had been arrested, the United States has notified all other potential claimants by publishing notice on the government internet website, www.forfeiture.gov, for thirty days beginning on October 3, 2014. (Doc. 10).

Claimant filed a Claim to the Defendant Vehicle on October 20, 2014. (Doc. 10.), and an Answer on November 3, 2014. (Doc. 11). No other Claim was filed and the period in which to do so has expired.

The parties have entered into a Stipulation of Settlement and Release of All Claims resolving all of the issues raised in the Complaint. Specifically, the parties consented to an order substituting $20,000.00 *in lieu* of the Defendant Vehicle. The United States and Claimant are in agreement that substituting $20,000.00 for the Defendant Mercedes will be best for all concerned.

The parties agreed that the United States shall return the Defendant Vehicle to Claimant in consideration of Claimant's agreement to forfeit to the United States the substitute *res* of $20,000.00 in U.S. Currency, and that this shall constitute a full and final settlement of all claims that Claimant has as a result of the seizure.

WHEREFORE, the Court hereby finds that the United States has furnished due and legal notice of the proceeding as required by statute, and that all persons known to the United States to have a possible interest in the Defendant Vehicle, have received actual notice and service of the Complaint and Warrant for Arrest in this action.

Therefore, IT IS HEREBY ORDERED AS FOLLOWS:

1. That $20,000.00 shall be substitute *res* for the Defendant Vehicle.

2. A Final Judgment of Forfeiture is hereby entered in favor of the United States against the substitute *res* of $20,000.00 in U.S. Currency, which shall be disposed of by the United States according to law and the terms of this Order.

3. Claimant Sherif Shagaya agrees to remit to the United States a check made payable to the U.S. Customs and Border Protection in the amount of $20,000.00 as substitute *res*. The United States Attorney General, or his designee, is authorized to seize the $20,000.00 as substitute *res* for the Defendant Vehicle.

4. That upon receipt and verification of the $20,000.00 as substitute *res*, the U.S. Customs and Border Protection is hereby authorized and directed to release the Defendant Vehicle to Claimant Sherif Shagaya.

5. The $20,000.00 as substitute *res* shall be deposited in a government account maintained by the U.S. Customs and Border Protection pending resolution of these civil forfeiture proceedings. Claimant shall not be entitled to receive any further payment from the United States as a result of the seizure.

6. The parties shall be responsible for payment of their own expenses, including attorney's fees, incurred in connection with this proceeding.

7. For the purpose of enforcing this Order, the United States District Court shall retain jurisdiction for 30 days.

_____
JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

CONSENTED TO:

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____  Date: 5/13/15
Jeffrey J. Buerstatte
Assistant United States Attorney
Georgia Bar No. 093416
P.O. Box 8970
Savannah, Georgia 31412

CLAIMANT:

_____  Date: 5/6/15
Donald F. Samuel
Attorney for Sherif Shagaya
Georgia Bar No. 624475
Garland, Samuel & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta, GA 30305
(404) 262-2225

_____  Date: 5/6/15
Sherif Shagaya
Claimant

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ONE 2014 MERCEDES BENZ SG3 AMG, )<br>VIN WDDUG7JBOEAO42570,  )<br>  )<br>Defendant.  )<br>_____ ) | CV414-216 |

## STIPULATION OF SETTLEMENT AND RELEASE OF ALL CLAIMS

WHEREAS, on May 8, 2014, the Defendant Vehicle, a 2014 Mercedes Benz, SG3 AMG, Vehicle Identification Number (VIN) WDDUG7JBOEAO42570, was seized pursuant to a seizure warrant in Garden City, Georgia, at the Port of Savanah by the United States Secret Service;

WHEREAS, the United States of America filed its Verified Complaint for Forfeiture *In Rem* on December 19, 2012 (Doc. 1), against the Defendant Vehicle pursuant to 18 U.S.C. § 981(a)(1)(A);

WHEREAS, on October 20, 2014, Sherif Shagaya filed a Verified Claim asserting ownership of the Defendant Vehicle (Doc. 10);

WHEREAS, on November 3, 2014, Sherif Shagaya filed an Answer (Doc. 11); and

WHEREAS, the United States of America and Sherif Shagaya are aware of their respective rights and wish to resolve this matter without further litigation and further expense.

NOW THEREFORE, the parties, in the interest of fully and finally resolving this matter in all respects, stipulate and agree as follows:

1.  The United States of America and Claimant Sherif Shagaya agree, understand and acknowledge that none of the parties to this Stipulation of Settlement and Release of All Claims ("Agreement") admit or acknowledge any liability whatsoever to the other, and further, that the parties specifically deny any such liability. Neither this Agreement nor any payment hereunder is to be construed as an admission of liability by either party.

2.  The parties herein wish to resolve this matter without utilization of judicial resources and litigation expenses. As such, the parties agree that substituting $20,000.00 for the Defendant Vehicle will be best for all concerned, that the Defendant Vehicle shall **NOT BE FORFEITED**, but shall be **RETURNED** to the Port where it will be met by Claimant or his designated representative. Claimant shall remit a check made payable to the U.S. Customs and Border Protection in the amount of Twenty Thousand Dollars ($20,000.00) as substitute *res*. Claimant hereby withdraws his Claim to the substitute *res* of Twenty Thousand Dollars ($20,000.00).

3.  The parties further stipulate that the remaining portion of the substitute *res*, specifically Twenty Thousand Dollars ($20,000.00), shall be

**FORFEITED** to the United States of America. Further, any right, title or interest of Claimant and his successors and assigns, and any right, title and ownership interest of all other persons in the $20,000.00 substitute *res* is being forfeited to the United States of America is hereby and forever **EXTINGUISHED**. Clear title to said currency shall hereby be **VESTED** in the United States of America, which is authorized to dispose of such currency according to law.

4. Claimant represents that at the time of the seizure he was the owner of the substitute *res*. Claimant Sherif Shagaya hereby warrants, covenants and represents that prior to executing this Agreement, he has not conveyed, transferred, pledged, or in any manner whatsoever assigned or encumbered the substitute *res*.

5. Claimant agrees to release, remise and forever discharge the United States of America, and any of its agencies involved in this matter, including but not limited to the United States Secret Service, U.S. Customs and Border Protection, Department of Homeland Security, their agents and employees, and state and local law enforcement officers and their employers, agents, and employees, past and present, from any and all claims or causes of action which Claimant and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the seizure of the Defendant Vehicle.

6. Upon both parties signing this Agreement, Claimant shall provide the substitute *res* immediately. Claimant shall as soon as possible, contact the U.S.

Customs and Border Protection Exodus Team to arrange for an on-site examination of the Defendant Vehicle at the stuffing location.

7. This Agreement does not address or purport to address or waive any tax claims whether federal, state or local, which may be asserted or proposed against Claimant as a result of the seizure and detention, release and return of any portion of the Defendant Vehicle.

8. Claimant acknowledges that he has been represented by competent counsel in connection with the negotiation, preparation and execution of this Agreement, that its provisions and the legal effect of them have been fully explained, and that he has entered into this Agreement freely and voluntarily, without coercion, duress or undue influence.

9. The parties agree that each party shall bear its own costs and attorney's fees in this matter.

10. Each party understands that this Agreement constitutes the entire agreement between them, that this Agreement has no effect on any potential criminal action that may be brought by any state or the United States of America against Sherif Shagaya arising out of the facts that gave rise to this forfeiture action, that no promise or inducement has been made except as is set forth herein, and that no representation, agreement, promise or inducement, oral or otherwise, between the parties to this Agreement and not included herein shall be of any force and effect. The parties agree that this Agreement cannot be used or introduced as evidence by either party in a subsequent state or federal criminal proceeding.

11. The terms and conditions of this Agreement shall be binding upon and are for the benefit of the parties hereto and their respective heirs, executors, administrators, representatives, successors and assigns.

**WHEREFORE**, the parties stipulate to entry of this Settlement Agreement and Release of all Claims. In conjunction with the execution of this Settlement Agreement and Release of all Claims, the Government will file a Motion for Consent Order of Forfeiture and Final Judgment.

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____   Date: 5/13/15
Jeffrey J. Buerstatte
Assistant United States Attorney
Georgia Bar No. 093416
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

CLAIMANT:

_____   Date: 5/6/15
Donald F. Samuel
Attorney for Sherif Shagava
Georgia Bar No. 624475
Garland, Samuel & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta, GA 30305
(404) 262-2225

_____   Date: 5/6/15
Sherif Shagava
Claimant

5